IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| OHIO POLICE & FIRE PENSION FUND, OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM, STATE TEACHERS RETIREMENT SYSTEM OF OHIO, SCHOOL EMPLOYEES RETIREMENT SYSTEM OF OHIO, and OHIO PUBLIC EMPLOYEES DEFERRED COMPENSATION PROGRAM,<br><br>Plaintiffs,<br><br>v.<br><br>STANDARD & POOR'S FINANCIAL SERVICES LLC, THE MCGRAW-HILL COMPANIES, INC., MOODY'S CORP., MOODY'S INVESTORS SERVICE, INC., and FITCH, INC.,<br><br>Defendants. | Case No.: 2:09 cv 1054<br><br>Judge Graham<br>Magistrate Judge Kemp |

### THE OHIO FUNDS' NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO DEFENDANTS RATING AGENCIES' MOTION TO DISMISS

The Ohio Funds[1] respectfully submit this Notice of Supplemental Authority to bring to the Court's attention an *amicus curiae* brief that the Attorney General of the State of New York submitted to the Appellate Division, First Department, of the Supreme Court of the State of New York on April 7, 2010 in *CMMF, LLC v. J.P Morgan Investment Management, Inc.* No. 601924/09. While the underlying order in *CMMF*, a

---

[1] The Ohio Funds are Plaintiffs Ohio Police & Fire Pension Fund, Ohio Public Employees Retirement System, State Teachers Retirement System of Ohio, School Employees Retirement System of Ohio, and Ohio Public Employees Deferred Compensation Program.

copy of which is attached for the Court's convenience, held that the Martin Act did not bar the plaintiff's common law claims under New York law, the New York Attorney General submitted the attached *amicus curiae* brief to address the court's observation that the Martin Act may preempt certain other common law claims not presented in the case. The New York Attorney General's brief sets forth his position that the Martin Act does not preempt private common law claims arising from the sale and purchase of securities.

Among other things, the New York Attorney General states the following concerning courts that have determined that the Martin Act preempts private causes of action in connection with the sale and purchase of securities when such allegations would also support claims under the Martin Act:

> The Attorney General has a strong interest in correcting this mistaken understanding of the statute. The Martin Act, which is enforceable only by the Attorney General, neither increased nor diminished the remedies available to private litigants. First, there is no warrant in the text and history of the Martin Act for finding any intent to preempt existing common-law actions. Second, the policy argument most often advanced to support preemption is that it is needed in order to protect the exclusive authority of the Attorney General to enforce the Martin Act. But that argument is misplaced. Private common-law actions for the most part advance, and do not hinder, the Attorney General's fundamental mission under the Martin Act to eliminate fraudulent practices in the sale or purchase of securities across this State, because the Attorney General cannot possibly take sole responsibility for policing the marketplace in securities for fraud.

*Amicus* Br. at 2.

To the extent that New York law applies to the Ohio Funds' claims here – which, for the reasons set forth in the Ohio Funds' March 22, 2010 Memorandum of Law in Opposition to Defendant Rating Agencies' Motion to Dismiss ("Opp."), it does not – Plaintiffs' respectfully submit that the New York Attorney General's April 7, 2010

*amicus curiae* brief further supports the position that the Martin Act does not bar the Ohio Funds' common law claims. (*See* Opp. at 62–68.)

Dated: April 23, 2010

                                      Respectfully submitted,

                                      RICHARD CORDRAY
                                      OHIO ATTORNEY GENERAL

                                      /s/ John P. Gilligan
                                      SCHOTTENSTEIN, ZOX & DUNN
                                      CO., L.P.A.
                                      John P. Gilligan (0024542)
                                      250 West Street
                                      Columbus, Ohio 43215
                                      Telephone: (614) 462-2700
                                      Facsimile: (614) 462-5135
                                      Email:    jgilligan@szd.com

                                      *Trial Attorney for Plaintiffs*
                                      *Ohio Police & Fire Pension Fund,*
                                      *Ohio Public Employees Retirement*
                                      *System, State Teachers Retirement*
                                      *System of Ohio, School Employees*
                                      *Retirement System of Ohio, and Ohio*
                                      *Public Employees Deferred*
                                      *Compensation Program*

Of Counsel:

John C. McDonald (0012190)
Matthew L. Fornshell (0062101)
Kevin L. Murch (0066833)
Katherine G. Manghillis (0077307)
SCHOTTENSTEIN ZOX & DUNN CO., LPA
250 West Street
Columbus, Ohio 43215
Telephone: (614) 462-1087
Facsimile: (614) 228-4846
Email: jmcdonald@szd.com

mfornshell@szd.com
kmanghillis@szd.com
ENTWISTLE & CAPPUCCI LLP
Andrew J. Entwistle (admitted *pro hac vice*)
Johnston de F. Whitman, Jr. (admitted *pro hac vice*)
Richard W. Gonnello (admitted *pro hac vice*)
Francis P. McConville (admitted *pro hac vice*)
280 Park Avenue, 26th Floor West
New York, New York 10017
Telephone: (212) 894-7200
Facsimile: (212) 894-7272
Email: aentwistle@entwistle-law.com
jwhitman@entwistle-law.com
rgonnello@entwistle-law.com
fmcconville@entwistle-law.com


LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
Steven E. Fineman (admitted *pro hac vice*)
Daniel P. Chiplock (admitted *pro hac vice*)
Michael Miarmi (admitted *pro hac vice*)
250 Hudson Street, 8th Floor
New York, New York 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592
Email: sfineman@lchb.com
dchiplock@lchb.com
mmiarmi@lchb.com

Richard M. Heimann (admitted *pro hac vice*)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
Email: rheimann@lchb.com


*Special Counsel for Plaintiffs Ohio Police & Fire Pension Fund, Ohio Public Employees Retirement System, State Teachers Retirement System of Ohio, School Employees Retirement System of Ohio, and Ohio Public Employees Deferred Compensation Program*

## CERTIFICATE OF SERVICE

I certify that on this 23rd day of April, 2010, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ John P. Gilligan
*One of the Attorneys for the Plaintiffs*
