# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| OHIO POLICE & FIRE PENSION FUND, OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM, STATE TEACHERS RETIREMENT SYSTEM OF OHIO, SCHOOL EMPLOYEES RETIREMENT SYSTEM OF OHIO, and OHIO PUBLIC EMPLOYEES DEFERRED COMPENSATION PROGRAM,<br><br>                    Plaintiffs,<br><br>          v.<br><br>STANDARD & POOR'S FINANCIAL SERVICES LLC, THE MCGRAW-HILL COMPANIES, INC., MOODY'S CORP., MOODY'S INVESTORS SERVICE, INC., and FITCH, INC.,<br><br>                    Defendants. | Civil Action No. 2:09-cv-1054<br><br>Judge Graham<br>Magistrate Judge Kemp |

## THE RATING AGENCIES' JOINT RESPONSE TO THE OHIO FUNDS' NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO DEFENDANTS RATING AGENCIES' MOTION TO DISMISS

Defendants Standard & Poor's Financial Services LLC, The McGraw-Hill Companies, Inc., Moody's Corp., Moody's Investors Service, Inc., and Fitch, Inc. ("Fitch," and collectively, the "Rating Agencies" or "Defendants") respectfully submit this response to the Ohio Funds' Notice of Supplemental Authority.[1]

---

[1] As previously noted, because the allegations in the Complaint regarding The McGraw-Hill Companies, Inc. concern its wholly-owned subsidiary, Standard & Poor's Financial Services LLC, we refer to these two Defendants collectively as "S&P." As also previously noted, Moody's Investors Service, Inc. is the only Moody's entity engaged in the business of developing and publishing rating opinions, and Moody's Corp., its parent corporation, is incorrectly named as a defendant herein. For the purposes of this response, however, the two Moody's entities are referred to collectively as "Moody's."

-1-

3751491v1

On April 23, 2010, Plaintiffs filed a Notice of Supplemental Authority in Opposition to Defendants Rating Agencies' Motion to Dismiss, attaching a recent *amicus* brief filed in the Appellate Division, First Department, by the current Attorney General of the State of New York (the "NYAG") in *CMMF, LLC* v. *J. P. Morgan Investment Management, Inc. et al*., New York County Index No. 601924/09.  *See* The Ohio Funds' Notice of Supplemental Authority in Opposition to Defendants Rating Agencies' Motion to Dismiss ("Notice").  Plaintiffs characterize their filing as a "Notice of Supplemental Authority" that "supports the position that the Martin Act does not bar the Ohio Funds' common law claims." (*Id*. at 1, 3).  As described further below, however, the NYAG's *amicus* brief is neither "supplemental" nor "authority."  It is not "authority" because it merely sets forth the position of an *amicus curiae* in another case.  The rule of law is stated in court decisions construing the legislature's words, not in contentions advanced in legal briefs.  Nor is it "supplemental," as the case law upon which the NYAG basis its position pre-dates Plaintiffs' Opposition Brief.  For these reasons, Plaintiffs' Notice, and accompanying argument, should be stricken under Local Rule 7.2(a) as an improper surreply filed without leave of Court or showing of good cause.

*First*, the NYAG's *amicus* brief is not legal authority.  The fact that the NYAG filed the *amicus* brief has no particular legal significance, as his interpretation of the Martin Act is not entitled to deference under New York or Federal law.  As the NYAG recognizes, "[p]reemption is a matter of legislative intent" (*see* NYAG Br. at 7), *not* agency determination.  Interpreting statutes and legislative intent is the exclusive province of the judiciary. *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 175, 2 L.Ed. 60 (1803) ("It is emphatically the province and duty of the judicial department to say what the law is. Those who apply the rule to particular cases, must of necessity expound and interpret that rule."). "[O]n a pure question of statutory construction" a court should not defer to an agency's interpretation of a statute if "'using traditional tools of statutory construction'" a court can determine the legislative intent. *NLRB v. United Food and Commercial Workers Union, Local 23*, 484 U.S. 112, 123 (1987) (quoting *INS v. Cardoza-Fonseca*, 480 U.S. 421, 446-48  (1987)).  *See Moran Towing and Transp. Co., Inc. v. New York State Tax*

*Com'n*, 72 N.Y.2d 166, 173 (1988); *Kurcsics v. Merchants Mut. Ins. Co.*, 49 N.Y.2d 451, 459 (1980); *Kreitzer v. New York City Dept. of Bldgs.*, 24 A.D. 3d 374, 375 (1st Dep't 2005).

Here, not only *can* courts determine the legislative intent of the Martin Act, *they have already done so*. New York state (and federal) courts have consistently held that non-fraud torts are preempted by the Martin Act. *See* Rating Agencies' Joint Memorandum of Law in Support of Their Motion to Dismiss the Complaint, at pp. 24-26; Rating Agencies' Joint Reply Memorandum of Law in Further Support of Their Motion to Dismiss the Complaint, at pp. 35-37. Attached as Exhibit A is yet another recent decision, *Stephenson* v. *Citco Group Ltd.*, 2010 WL 1244007, at *10-*15 (S.D.N.Y. Apr. 1, 2010), which reiterates the preemptive effect of the Martin Act, sets forth the rationale for such preemption and acknowledges the "multitude of courts" applying such preemption. The analysis in the *Stephenson* decision points out the failings of the *amicus* brief, especially the NYAG's misleading contention that such preemption has been applied by only "a few state trial courts and federal courts." (Compare *Stephenson* at *12 with *amicus* brief at 11.)

The NYAG's *amicus* brief not only conflicts with the overwhelming weight of authority on this issue, but contradicts the position taken *by the current NYAG* in another matter less than nine months ago. In *People v. Merkin*, the NYAG argued that "private plaintiffs may not avoid their lack of standing under the Martin Act by labeling Martin Act-type claims as 'breach of fiduciary duty' claims" "because doing so would 'in effect, recognize a private right of action under the Martin Act contrary to case law.'" Brief of the NYAG in *Merkin*, 2009 WL 2445030 (Aug. 3, 2009) (citing *Horn* v. *440 E.57th Co.*, 151 A.D.2d 112 (1st Dep't 1989)). In his *amicus* brief in *CMMF*, the NYAG offers no explanation for his reversal of position and indeed, as a matter of sound public policy, the interpretation of an important state statute such as the Martin Act should not be left to the changing position of any individual Attorney General.

Nor has the New York legislature indicated that it would adopt the current NYAG's position in the *CMMF* case. Courts have consistently interpreted the Martin Act to preempt non-fraud tort claims for over 20 years. During that period, the New York legislature has repeatedly

amended the Martin Act in a variety of ways, but it has never modified the Act in response to judicial decisions regarding preemption.

In fact, a bill currently pending in committees in both the New York State Senate and Assembly indicates that the legislature is well aware of the courts' interpretation and there has been no effort to amend the Act to reverse its preemptive effect.  The justification section of the bill — which seeks to grant large institutional investors a private right of action under the Martin Act — expressly states the legislature's current viewpoint that without such a private right of action, there is no remedy for investors:  "Under current law, the State attorney general has broad powers to prevent fraudulent securities practices, yet large institutional investors have no right of action when the state's securities laws are violated . . . ."  *See* New York State Assembly Bill No. A08646, Senate Bill No. S05768.  "Where the practical construction of a statute is well known, the Legislature is charged with knowledge and its failure to interfere indicates acquiescence." *Brooklyn Union Gas Co. v. New York State Human Rights Appeal Bd.*, 41 N.Y. 2d 84, 90 (1976) (quoting *Engle v. Talarico*, 33 N.Y. 2d 237, 242 (1973)).  *See also Blue Chip Stamps* v. *Manor Drug Stores*, 421 U.S. 723, 733 (1975) ("The longstanding acceptance by the courts, coupled with Congress' failure to reject [the court's] reasonable interpretation of the wording of [sec.] 10(b) . . . argues significantly in favor of acceptance of the [court's interpretation].") (citation omitted).  *Cf. Nichols* v. *United States*, 260 F.3d 637, 650 (6th Cir. 2001) ("[A] consistent administrative interpretation of a statute, shown clearly to have been brought to the attention of Congress and not changed by it, is almost conclusive evidence that the interpretation has congressional approval.").

***Second***, Plaintiffs' Notice should also be stricken because the arguments advanced by Plaintiffs in the Notice are not "supplemental."  Indeed, the cases upon which the NYAG bases its newly-minted position pre-date the Plaintiffs' Opposition Brief in this case.  As such, Plaintiffs' submission of the NYAG's *amicus* brief is nothing more than a thinly veiled attempt to insert a 20 page surreply.  This is impermissible under Local Rule 7.2(a), which forbids surreplies "except upon leave of court for good cause shown."  *Leeper v. Verizon Wireless*, 2009 WL

5062097, at *11 (S.D. Ohio Dec. 16, 2009) (quoting Local Rule 7.2(a)(2). Here, Plaintiffs have neither sought leave of court nor shown good cause. In such situations, courts strike such filings. *See, e.g., Ormond v. Anthem, Inc.*, 2008 WL 906157, at *1 n.2 (S.D. Ind. 2008) (striking all cases discussed in submission of additional authorities that were not decided after oral argument; "Plaintiffs' submission is in substance an unauthorized surreply brief"); *Dent v. Giaimo*, 665 F. Supp. 2d 1295, 1298 (S.D. Fl. 2009) ("Plaintiff filed a Notice of Supplemental Authority . . . in the form of an *amicus* brief from the Department of Labor in the Eleventh Circuit case of *Bien-Aime v. Nanak's Landscaping, Inc. et al*. Defendant moved to strike arguing that it was an impermissible sur-reply. The Court agreed and granted Defendant's motion.").

For these reasons, the Court should strike Plaintiffs' Notice for failure to comply with Local Rule 7.2(a)(2).

Dated: April 27, 2010

Floyd Abrams (admitted *pro hac vice*)
S. Penny Windle (admitted *pro hac vice*)
Tammy L. Roy (admitted *pro hac vice*)
CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, New York 10005
Telephone: (212) 701-3000
Facsimile: (212) 269-5420

*Counsel for Defendants The McGraw-Hill Companies, Inc. and Standard & Poor's Financial Services LLC*

James J Coster (admitted *pro hac vice*)
Joshua M. Rubins (admitted *pro hac vice*)
SATTERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue, 11th Floor
New York, New York 10169
Telephone: (212) 818-9200
Facsimile: (212) 818-9606

*Counsel for Defendants Moody's Corp. and Moody's Investors Service, Inc.*

Respectfully submitted,

By: /s/ Drew H. Campbell
Drew H. Campbell (0047197)
BRICKER & ECKLER LLP
100 South Third Street
Columbus, Ohio 43215
Telephone: (614) 227-2319
Facsimile: (614) 227-2390

*Trial Counsel for Defendants The McGraw-Hill Companies, Inc. and Standard & Poor's Financial Services LLC*

By: /s/ Michael H. Carpenter
Michael H. Carpenter
Jeffrey A. Lipps
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145

*Trial Counsel for Defendants Moody's Corp. and Moody's Investors Service, Inc.*

-6-

| | |
|---|---|
| Martin Flumenbaum (admitted *pro hac vice*) | By:  /s/ Thomas D. Warren_____ |
| Roberta A. Kaplan (admitted *pro hac vice*) | Thomas D. Warren |
| Julia Tarver Mason (admitted *pro hac vice*) | BAKER & HOSTETLER LLP |
| Tobias J. Stern (admitted *pro hac vice*) | 3200 National City Center |
| PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP | 1900 East 9th Street |
| | Cleveland, Ohio 44114-3485 |
| 1285 Avenue of the Americas | Telephone: (216) 621-0200 |
| New York, New York 10019 | Facsimile: (216) 696-0740 |
| Telephone: 212-373-3000 | |
| Facsimile: 212-757-3990 | *Trial Counsel for Defendant Fitch, Inc.* |

*Counsel for Defendant Fitch, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 27, 2010, a true copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing by electronic receipt to the parties.

/s/ Drew H. Campbell_____
Drew H. Campbell (0047197)

3751491v1