## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| | X | |
| OHIO POLICE & FIRE PENSION FUND, OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM, STATE TEACHERS RETIREMENT SYSTEM OF OHIO, SCHOOL EMPLOYEES RETIREMENT SYSTEM OF OHIO, and OHIO PUBLIC EMPLOYEES DEFERRED COMPENSATION PROGRAM, | : : : : : : : | Case No.: 2:09 cv 1054<br><br>Judge Graham<br>Magistrate Judge Kemp |
| Plaintiffs, | : : : | |
| v. | : : : : | |
| STANDARD & POOR'S FINANCIAL SERVICES LLC, THE MCGRAW-HILL COMPANIES, INC., MOODY'S CORP., MOODY'S INVESTORS SERVICE, INC., and FITCH, INC., | : : : : : : : | |
| Defendants. | : : : | |
| | X | |

### THE OHIO FUNDS' SECOND NOTICE OF SUPPLEMENTAL AUTHORITIES IN OPPOSITION TO THE RATING AGENCIES' JOINT MOTION TO DISMISS

The Ohio Funds[1] respectfully submit this Second Notice of Supplemental Authorities to provide the Court with three recent rulings addressing issues relevant to Defendants' pending motion to dismiss.

The first of these decisions is the Supreme Court's ruling in *Merck & Co., Inc. v. Reynolds*, No. 08-905, 2010 WL 1655827 (April 27, 2010) (attached hereto as Exhibit A)

---

[1] Defined terms not otherwise defined herein shall have the meaning assigned to them in the Ohio Funds' March 22, 2010 Memorandum of Law in Opposition to Defendant Rating Agencies' Motion to Dismiss ("Opp. Br.").

{H1872831.1 }

concerning "inquiry notice" as applied to statute of limitations questions in federal securities cases.

As the Ohio Funds previously explained, their claims were timely filed under the federal "inquiry notice" standard (as applied in the Sixth Circuit to the state law claims at issue here) because a reasonable investigation would not have led to the discovery of the facts necessary to support their claims prior to November 20, 2007 (*i.e.*, two years prior to the filing of Plaintiffs' Complaint). *See* Opp. Br. at 72-82. Defendants have argued, to the contrary, that "storm warnings" of Defendants' alleged misconduct were enough, by themselves, to have put the Ohio Funds on "inquiry notice" and thus triggered the statute of limitations with respect to the Ohio Funds' claims.[2] In *Merck*, however, the Supreme Court makes clear that the applicable statute of limitations does not begin to run when "storm warnings" become apparent, but rather only when a reasonably diligent plaintiff would have discovered the facts supporting all the elements of its claims, "*irrespective of whether the actual plaintiff undertook a reasonably diligent investigation*." *Merck*, 2010 WL 1655827, at \*15 (emphasis added). Thus, Defendants' argument regarding the impact of the Ohio Funds' alleged "lack of investigation" in response to certain alleged "storm warnings" on the timeliness of the Ohio Funds' claims lacks merit.[3]

The second ruling relates to S&P's and Moody's motion to dismiss in *King County, Washington v. IKB Deutsche Industriebank AG*, Civ. 09 Civ. 8387 (SAS), 2010 WL 1702196 (S.D.N.Y. Apr. 26, 2010) (attached hereto as Exhibit B). The court's decision in *King County* further supports the Ohio Funds' position that they adequately

---

[2] *See* The Rating Agencies' Joint Reply Memorandum of Law in Further Support of Their Motion to Dismiss the Complaint ("Reply Br.") at 62.

[3] *Id.*

{H1872831.1 }

alleged that their losses resulted from their reliance on the false and misleading credit ratings that Defendants assigned to certain mortgage-backed securities purchased by the Ohio Funds. *See* Opp. Br. at 102-05.

In *King County*, the court expressly rejected S&P's and Moody's argument, also made here, that plaintiffs' claims should be dismissed because they failed to account for the occurrence of the global liquidity crisis that began in the summer of 2007. *King County*, 2010 WL 1702196, at *3-7.[4] In rejecting this argument, the *King County* court found that to "hold that plaintiffs failed to plead loss causation solely because the credit crisis occurred contemporaneously with [the structured investment vehicle's] collapse would place too much weight on one single factor and would permit S&P and Moody's to blame the asset-backed securities industry when their alleged conduct caused at least some proportion of plaintiffs' losses." *King County*, at 5. As the court correctly added, "even though I am uncertain whether plaintiffs will be able to ultimately prove that any portion of their losses were caused by the defendants' conduct as opposed to the credit crisis, that is not their burden at this stage." *Id.* at 6 (citations omitted).

Third is a recent ruling by the Superior Court for the State of California in a case brought by the California Public Employees' Retirement System ("CalPERS") against the same defendant rating agencies that are named in the present litigation. Similar to the Ohio Funds, CalPERS is pursuing a claim for negligent misrepresentation against the rating agencies for assigning inflated ratings to structured finance products (in CalPERS' case, structured investment vehicles, or "SIVs"). As in the present case, Defendants have asserted that the claims against them are preempted by the Credit Rating Agency Reform

---

[4] *See also* Reply Br. at 51 (making similar intervening event argument).

{H1872831.1 }

Act ("CRARA") as well as the Martin Act, and that Defendants are otherwise immune from suits based on their ratings pursuant to the First Amendment.

On April 30, 2010, the Superior Court heard oral argument on Defendants' demurrers (equivalent to motions to dismiss), and allowed CalPERS' negligent misrepresentation claim to proceed, overruling Defendants' arguments concerning the First Amendment, CRARA, and New York's Martin Act. *See* Transcript, *California Public Employees' Retirement System v. Moody's Corp., et al.*, Case No. CGC-09-490241 (S.F. Superior), dated April 30, 2010 ("Tr.") (attached hereto as Exhibit C) at 14:9-14, 15:5-26. The court's rulings, characterized as "tentative" at the outset of the hearing, were made final by the hearing's conclusion. Tr. at 46:18-28.

For the reasons stated above, Plaintiffs respectfully submit as supplemental authority (a) the Supreme Court's decision in *Merck & Co., Inc. v. Reynolds*, No. 08-905, 2010 WL 1655827 (2010), (b) the district court's decision in *King County, Washington v. IKB Deutsche Industriebank AG*, Civ. 09 Civ. 8387 (SAS) (S.D.N.Y. Apr. 26, 2010), and (c) the rulings of the Superior Court for the State of California related to Defendants' demurrers in *California Public Employees' Retirement System v. Moody's Corp., et al.*, Case No. CGC-09-490241 (S.F. Superior), as memorialized in the accompanying transcript dated April 30, 2010.

4

Dated: May 5, 2010

Respectfully submitted,


RICHARD CORDRAY
OHIO ATTORNEY GENERAL

s/ John P. Gilligan
SCHOTTENSTEIN, ZOX & DUNN
CO., L.P.A.
John P. Gilligan (0024542)
250 West Street
Columbus, Ohio 43215
Telephone:  (614) 462-2700
Facsimile:  (614) 462-5135
Email:      jgilligan@szd.com

*Trial Attorney for Plaintiffs*
*Ohio Police & Fire Pension Fund,*
*Ohio Public Employees Retirement*
*System, State Teachers Retirement*
*System of Ohio, School Employees*
*Retirement System of Ohio, and Ohio*
*Public Employees Deferred*
*Compensation Program*


Of Counsel:

John C. McDonald (0012190)
Matthew L. Fornshell (0062101)
Kevin L. Murch (0066833)
Katherine G. Manghillis (0077307)
SCHOTTENSTEIN ZOX & DUNN CO., LPA
250 West Street
Columbus, Ohio  43215
Telephone:  (614) 462-1087
Facsimile:  (614) 228-4846
Email: jmcdonald@szd.com
       mfornshell@szd.com
       kmanghillis@szd.com

{H1872831.1 }

ENTWISTLE & CAPPUCCI LLP
Andrew J. Entwistle (admitted *pro hac vice*)
Johnston de F. Whitman, Jr. (admitted *pro hac vice*)
Richard W. Gonnello (admitted *pro hac vice*)
Francis P. McConville (admitted *pro hac vice*)
280 Park Avenue, 26th Floor West
New York, New York 10017
Telephone:  (212) 894-7200
Facsimile:  (212) 894-7272
Email:  aentwistle@entwistle-law.com
        jwhitman@entwistle-law.com
        rgonnello@entwistle-law.com
        fmcconville@entwistle-law.com


LIEFF, CABRASER, HEIMANN &
        BERNSTEIN, LLP
Steven E. Fineman (admitted *pro hac vice*)
Daniel P. Chiplock (admitted *pro hac vice*)
Michael Miarmi (admitted *pro hac vice*)
250 Hudson Street, 8th Floor
New York, New York 10013
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592
Email:  sfineman@lchb.com
        dchiplock@lchb.com
        mmiarmi@lchb.com

Richard M. Heimann (admitted *pro hac vice*)
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008
Email:  rheimann@lchb.com


*Special Counsel for Plaintiffs Ohio Police & Fire Pension Fund, Ohio Public Employees
Retirement System, State Teachers Retirement System of Ohio, School Employees
Retirement System of Ohio, and Ohio Public Employees Deferred Compensation
Program*

6

**CERTIFICATE OF SERVICE**

I certify that on this 5th day of May, 2010, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ John P. Gilligan

*One of the Attorneys for the Plaintiffs*

{H1872831.1 }