IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

---

| | |
|---|---|
| OHIO POLICE & FIRE PENSION FUND, OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM, STATE TEACHERS RETIREMENT SYSTEM OF OHIO, SCHOOL EMPLOYEES RETIREMENT SYSTEM OF OHIO, and OHIO PUBLIC EMPLOYEES DEFERRED COMPENSATION PROGRAM, | Case No.: 2:09 cv 1054<br><br>Judge Graham<br>Magistrate Judge Kemp |
| Plaintiffs, | |
| v. | |
| STANDARD & POOR'S FINANCIAL SERVICES LLC, THE MCGRAW-HILL COMPANIES, INC., MOODY'S CORP., MOODY'S INVESTORS SERVICE, INC., and FITCH, INC., | |
| Defendants. | |

---

**THE OHIO FUNDS' REPLY TO THE RATING AGENCIES' JOINT RESPONSE TO THE OHIO FUNDS' NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO THE RATING AGENCIES' MOTION TO DISMISS**

The Ohio Funds[1] respectfully submit this reply to the Rating Agencies' April 27, 2010 joint response ("Response") to the Ohio Funds' April 23, 2010 notice of supplemental authority. The Rating Agencies assert that the *amicus* brief ("Amicus") filed by the New York Attorney General ("NYAG") in *CMMF, LLC v. J.P. Morgan*

---

[1] Defined terms not otherwise defined herein shall have the meaning assigned to them in the Ohio Funds' March 22, 2010 Memorandum of Law in Opposition to Defendant Rating Agencies' Motion to Dismiss ("Opp. Br." or "Opposition Brief").

*Investment Management, Inc. et al.*, Index No. 601924/09 (N.Y. App. Div. 1st Dep't) is neither "authority" nor "supplemental" and should, therefore, be stricken under Local Rule 7.2(a).[2] The Rating Agencies are incorrect. The NYAG's April 7, 2010 Amicus is persuasive authority that did not exist when the Ohio Funds filed their Opposition Brief on March 22, 2010, and is thus appropriate for the Court to consider in ruling on Defendants' motion to dismiss.

Courts routinely consider the legal opinion of the NYAG and other governmental authorities as persuasive authority. *See, e.g., Knight-Ridder Broadcasting, Inc. v. Greenberg*, 70 N.Y.2d 151, 158 (N.Y. 1987) ("Of course, the opinion of the Attorney-General as to the scope of the statute is not binding on this court, nor is it dispositive of the intent of the Legislature. Nevertheless, it can hardly be dismissed as 'essentially irrelevant in this case'.") (citation omitted); *People v. Kozlow*, 8 N.Y.3d 554, 560 (N.Y. 2007) (in reversing lower court's decision, Court of Appeals cited NYAG's amicus brief); *New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 500 n.2 (6th Cir. 2003) ("In reaching this conclusion, we considered the SEC's brief as *amicus curiae* in [an unrelated case], as well as the other materials that [plaintiff] submitted for judicial notice. [Defendant]'s motion to strike the request for judicial notice is denied."), *abrogated on other grounds by Merck & Co., Inc. v. Reynolds*, No. 08-905, 2010 WL 1655827 (April 27, 2010); *Schaefer-LaRose v. Eli Lilly and Co.*, 663 F. Supp. 2d 674, 678 n.2 (S.D. Ind. 2009) (granting motion to treat a Department of Labor amicus brief as supplemental authority).

---

[2] The Amicus was previously submitted as Exhibit A to the notice.

The NYAG's position is a fact of which the Court may take notice when construing the Martin Act.³ *See Happy Inv. Group v. Lakewood Prop., Inc.*, 396 F. Supp. 175, 183 n.6 (N.D. Cal. 1975) ("The Court takes judicial notice of the fact of the [California] Attorney General's brief, since it is a matter of public record; its contents are subject to scrutiny and analysis by this Court."); *Southmark Prime Plus, L.P. v. Falzone*, 776 F. Supp. 888, 892 (D. Del. 1991) (court took judicial notice of briefs in parallel proceedings because "[p]ursuant to Rule 201(b)(2), the Court can take judicial notice of the contents of court records from another jurisdiction.").

Defendants are also incorrect in contending that the NYAG's Amicus in *CMMF* is contrary to the NYAG's position in *People v. Merkin*. In *People v. Merkin*, the NYAG noted that private plaintiffs are precluded from asserting common law claims based on conduct that would give rise to a Martin Act violation "*under certain circumstances.*" (Brief of the NYAG in *Merkin*, 2009 WL 2445030 (Aug. 3, 2009) (emphasis added).) The NYAG's Amicus in *CMMF* clarified those "circumstances" by explaining that only common law claims that rely on disclosure obligations imposed by the Martin Act in the condominium and co-op context are preempted. (Amicus at 16–18 & n.5.)⁴

---

³ In their Response, Defendants cite *Stephenson v. Citco Group Ltd.*, No. 09 CV 00716(RJH), 2010 WL 1244007, at *13 (S.D.N.Y. April 1, 2010), a case decided before the Amicus was filed. However, the federal district court in Stephenson justified its mistaken belief that New York's Martin Act preempts investors' common law claims by emphasizing that the NYAG sometimes pursues their securities fraud claims. *Id.* at *13 (The "importance of Martin Act preemption was underscored by the fact that the New York Attorney General ha[d] pending claims" against a defendant.). The NYAG's Amicus undermines the rationale of the *Stephenson* court as well as the other federal courts that have rejected the view of the highest New York state courts to rule on the issue.

⁴ In fact, the NYAG refers to the same appellate division case in both submissions to illustrate that Martin Act preemption only occurs when the plaintiff relies on the Martin Act's disclosure requirements in the condo and co-op fields in attempting to state a cause of action. (*See* Brief of NYAG in *Merkin*, 2009 WL 2445030 (citing *Horn v. 440 E. 57th Co.*, 151 A.D.2d 112, 120 (1st Dep't 1989)); Amicus at 17, n.5 (citing Brief for Plaintiff-Respondent-Appellant in *Horn v. 440 E. 57th Co.*).)

Indeed, in *People v. Merkin*, the NYAG stated that "even if preemption were relevant to this enforcement action, the breach of fiduciary duty claims are wholly independent of the Martin Act, and *are not preempted*." (Brief of NYAG in *Merkin*, 2009 WL 2445030 (citing *Scalp & Blade, Inc. v. Advest, Inc.*, 281 A.D.2d 882, 883 (4th Dep't 2001); *Caboara v. Babylon Cove Dev., LLC*, 54 A.D.3d 79, 80 (2d Dep't 2008); *Hamlet on Olde Oyster Bay Home Owners Ass'n, Inc. v. Holiday Org.*, 59 A.D.3d 673, 678 (2d Dep't 2009) (emphasis added)).) Defendants' argument that the NYAG has changed his position on the Martin Act is thus incorrect.

Lastly, Defendants argue that the Ohio Funds' notice should be stricken because the position advanced by the NYAG relies on cases pre-dating the Ohio Funds' opposition brief, and therefore is not "supplemental." (*See* Response at 4.) As discussed above, the NYAG's Amicus is *itself* subject to judicial notice; and since the Amicus was not filed until April 7, 2010 (sixteen days after the Ohio Funds filed their Opposition Brief), it is in fact supplemental. *See Ormond v. Anthem, Inc.*, No. 1:05-cv-1908, 2008 WL 906157, at *1 n.2 (S.D. Ind. Mar. 31, 2008) (court refused to strike two of ten authorities that were "later-issued").

For the reasons stated above, the Ohio Funds respectfully request that the Court take notice of the Amicus as supplemental authority.

Dated: May 11, 2010

\

4

Respectfully submitted,

RICHARD CORDRAY
OHIO ATTORNEY GENERAL

s/John P. Gilligan
SCHOTTENSTEIN, ZOX & DUNN CO., L.P.A.
John P. Gilligan (0024542)
250 West Street
Columbus, Ohio 43215
Telephone: (614) 462-2700
Facsimile: (614) 462-5135
Email:     jgilligan@szd.com

*Trial Attorney for Plaintiffs Ohio Police & Fire Pension Fund, Ohio Public Employees Retirement System, State Teachers Retirement System of Ohio, School Employees Retirement System of Ohio, and Ohio Public Employees Deferred Compensation Program*

Of Counsel:

John C. McDonald (0012190)
Matthew L. Fornshell (0062101)
Kevin L. Murch (0066833)
Katherine G. Manghillis (0077307)
SCHOTTENSTEIN ZOX & DUNN CO., LPA
250 West Street
Columbus, Ohio 43215
Telephone: (614) 462-1087
Facsimile: (614) 228-4846
Email: jmcdonald@szd.com
       mfornshell@szd.com
       kmanghillis@szd.com

ENTWISTLE & CAPPUCCI LLP
Andrew J. Entwistle (admitted *pro hac vice*)
Johnston de F. Whitman, Jr. (admitted *pro hac vice*)
Richard W. Gonnello (admitted *pro hac vice*)
Francis P. McConville (admitted *pro hac vice*)
280 Park Avenue, 26th Floor West
New York, New York 10017
Telephone: (212) 894-7200
Facsimile: (212) 894-7272
Email: aentwistle@entwistle-law.com
       jwhitman@entwistle-law.com
       rgonnello@entwistle-law.com
       fmcconville@entwistle-law.com


LIEFF, CABRASER, HEIMANN &
   BERNSTEIN, LLP
Steven E. Fineman (admitted *pro hac vice*)
Daniel P. Chiplock (admitted *pro hac vice*)
Michael Miarmi (admitted *pro hac vice*)
250 Hudson Street, 8th Floor
New York, New York 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592
Email: sfineman@lchb.com
       dchiplock@lchb.com
       mmiarmi@lchb.com

Richard M. Heimann (admitted *pro hac vice*)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
Email: rheimann@lchb.com


*Special Counsel for Plaintiffs Ohio Police & Fire Pension Fund, Ohio Public Employees Retirement System, State Teachers Retirement System of Ohio, School Employees Retirement System of Ohio, and Ohio Public Employees Deferred Compensation Program*

## CERTIFICATE OF SERVICE

I certify that on this 11th day of May, 2010, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ John P. Gilligan<br>
*One of the Attorneys for the Plaintiffs*