IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| OHIO POLICE & FIRE PENSION FUND, OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM, STATE TEACHERS RETIREMENT SYSTEM OF OHIO, SCHOOL EMPLOYEES RETIREMENT SYSTEM OF OHIO, and OHIO PUBLIC EMPLOYEES DEFERRED COMPENSATION PROGRAM, <br><br> Plaintiffs, <br><br> v. <br><br> STANDARD & POOR'S FINANCIAL SERVICES LLC, THE MCGRAW-HILL COMPANIES, INC., MOODY'S CORP., MOODY'S INVESTORS SERVICE, INC., and FITCH, INC., <br><br> Defendants. | Civil Action No. 2:09-cv-1054 <br><br> Judge Graham <br> Magistrate Judge Kemp |

**THE RATING AGENCIES' JOINT RESPONSE TO THE OHIO FUNDS' THIRD NOTICE OF SUPPLEMENTAL AUTHORITY IN OPPOSITION TO DEFENDANT RATING AGENCIES' MOTION TO DISMISS**

Defendants Standard & Poor's Financial Services LLC, The McGraw-Hill Companies, Inc., Moody's Corp., Moody's Investors Service, Inc., and Fitch, Inc. (collectively, the "Rating Agencies" or "Defendants") respectfully submit this response to the Ohio Funds' Third Notice of Supplemental Authority discussing a recently-issued decision by Judge Victor Marrero of the United States District Court for the Southern District of New York, *Anwar* v. *Fairfield Greenwich Limited*, 09 Civ. 0118 (VM) (S.D.N.Y. July 29, 2010) ("Marrero slip op."). Plaintiffs assert in their Notice that "the decision by Judge Marrero further supports the[ir] position that the Martin Act does not bar the Ohio Funds' common law claims." Ohio Funds' Third Notice of Supplemental Authority in Opposition to Defendants Rating Agencies' Motion to Dismiss ("No-

3948643v1

tice"), Dkt. No. 53, at 2. For the reasons outlined below, however, Plaintiffs' submission offers no new insight into the issues presently before this Court and should be disregarded as yet another improper surreply filed in violation of Local Rule 7.2(a).

As Judge Marrero expressly acknowledged in the very opinion that Plaintiffs have submitted to this Court, Martin Act preemption of non-fraud tort claims in the securities context "has been accepted by the *majority of courts* that have considered the issue in the Southern District of New York, as well as by numerous New York state courts." Marrero slip op. at 2 (emphasis added). Nonetheless, in *Anwar*, Judge Marrero, acknowledging that he "sees the issue differently," simply declined to follow binding precedent,[1] including a decision by the Court of Appeals for the Second Circuit in *Castellano* v. *Young & Rubicam, Inc.*, 257 F.3d 171 (2d Cir. 2001), that affirmed the dismissal of a breach of fiduciary duty claim in the securities context as preempted by the Martin Act.

Judge Marrero's opinion in *Anwar* also glossed over the fact that the New York legislature has never acted or indicated any desire to disturb this clear majority view in favor of Martin Act preemption. In fact, although the New York legislature has repeatedly amended the Martin Act in a variety of ways over the past 20 years during which courts have consistently interpreted the Martin Act to preempt non-fraud tort claims, it has never modified the Act in response to these judicial decisions. Indeed, as Defendants have previously noted to this Court, a bill currently pending in committees in both the New York State Senate and Assembly indicates that the

---

[1] In reaching this conclusion, Judge Marrero reviewed and interpreted case law treatment of the Martin Act that has already been discussed at length in previous submissions to this Court, and relied in large part on the same *amicus* brief that Plaintiffs discussed in a First Notice of Supplemental Authority filed over three months ago on April 23, 2010. *See* Docket No. 42; *see also* Marrero slip op. at 19, 27, 30-31, 41. As Defendants' Joint Response to the April 2010 Notice explained, that brief, filed by the Office of the Attorney General for the State of New York in a separate matter, does not constitute legal authority, does not contain any new or "supplemental" material that would have been unavailable to Plaintiffs at the time of their Opposition filing, and directly contradicts a position taken by the same office in another matter less than one year earlier. Defendants will not revisit those arguments here.

legislature is well aware of the courts' interpretation of the Martin Act and yet contains no effort to amend the Act to reverse its preemptive effect. *See* Rating Agencies' Joint Response To The Ohio Funds' Notice of Supplemental Authority, Dkt. No. 43, Apr. 27, 2010, at 4. "Where the practical construction of a statute is well known, the Legislature is charged with knowledge and its failure to interfere indicates acquiescence." *Brooklyn Union Gas Co.* v. *New York State Human Rights Appeal Bd.*, 41 N.Y.2d 84, 90 (1976) (quoting *Engle v. Talarico*, 33 N.Y.2d 237, 242 (1973)). *See also Blue Chip Stamps* v. *Manor Drug Stores*, 421 U.S. 723, 733 (1975) ("The longstanding acceptance by the courts, coupled with Congress' failure to reject [the court's] reasonable interpretation of the wording of [sec.] 10(b) . . . argues significantly in favor of acceptance of the [court's interpretation].") (citation omitted). *Cf. Nichols* v. *United States*, 260 F.3d 637, 650 (6th Cir. 2001) ("[A] consistent administrative interpretation of a statute, shown clearly to have been brought to the attention of Congress and not changed by it, is almost conclusive evidence that the interpretation has congressional approval.") (citation omitted).

Judge Marrero's decision also brushed aside several recent decisions by other judges in the Southern District that have found Martin Act preemption in similar cases, stating only that those courts "adopted" the opinion in *Independent Order of Foresters* v. *Donaldson, Lufkin & Jenrette Inc.*, 919 F. Supp. 149 (S.D.N.Y. 1996) (Batts, J.), "without questioning its conclusion or probing deeply enough into the sources or soundness of its analysis. . . ." Marrero slip op. at 24. Yet, the very decisions that Judge Marrero criticized, *see, e.g.*, *Stephenson* v. *Citco Group Ltd.*, 2010 WL 1244007 (S.D.N.Y. Apr. 1, 2010), do in fact "reiterate[] the preemptive effect of the Martin Act, set[] forth the rationale for such preemption, . . . acknowledge[] the 'multitude of courts' applying such preemption. . . [and] point[] out the failings of the [Attorney General's] *amicus* brief, especially the [Attorney General's] misleading contention that such preemption has been applied by only 'a few state trial courts and federal courts.'" Rating Agencies' Joint Response To The Ohio Funds' Notice of Supplemental Authority, at 3 (comparing *Stephenson*, 2010 WL 1244007, at *10-*15 with *amicus* brief, at 11). Similarly, Judge Leonard Sand of the Southern District conducted his own copious review of the Martin Act's preemptive effect in

-3-

2003, and his decision discussed some of the same Appellate Division case law now cited by Judge Marrero before concluding that recent decisions rejecting preemption "stand as solitary islands in a stream of contrary opinion." *Nanopierce Technologies, Inc.* v. *Southridge Capital Management LLC*, No. 02 Civ. 0767 (LBS), 2003 WL 22052894, at *3-*4 (S.D.N.Y. Sept. 2, 2003).

The thrust of Judge Marrero's argument for rejecting these and other cases setting forth the majority view in the Southern District of New York is his belief that the cases are based on an unwarranted extrapolation of New York state court decisions.  Judge Marrero attributed the first asserted misreading of New York case law to Judge Batts' decision in *Foresters*, 919 F. Supp. at 153, in 1996. *See* Marrero slip op. at 17-18.  Yet, well before *Foresters*, New York appellate courts had articulated the view that the Martin Act not only created new claims for the Attorney General to prosecute but also "gave over" to the Attorney General the exclusive right to prosecute certain claims that previously existed in the common law.  For example, in *Whitehall Tenants Corp.* v. *Olnick*, 213 A.D.2d 200 (1st Dep't 1995), the appellate court affirmed dismissal of the plaintiff's misrepresentation-based claim as precluded by the Martin Act because it did not have an intent element.  Explicitly relying on *McKesson*, *Breakwaters*, and *Rego Park*, the court explained that claims covered by the Martin Act are precluded:

> While *CPC Intl.* v. *McKesson Corp.* (70 NY2d 268), holding that there is no private right of action under the Martin Act, does not foreclose a cause of action for common-law fraud, private plaintiffs will not be permitted through artful pleading to press any claim based on the sort of wrong ***given over*** to the Attorney-General under the Martin Act.

*Id*. (citations omitted) (emphasis added).  The First Department has repeatedly articulated this view of Martin Act preemption. *See, e.g.*, *15 East 11th Apartment Corp.* v. *Elghanayan*, 220 A.D.2d 295, 296 (1st Dep't 1995) (dismissing common law fraud claim as precluded by the Martin Act because "[t]here is nothing unique about the pleading of a common law remedy in Action No. 1 that is not already available to the Attorney-General under the statute."); *Thompson* v. *Parkchester Apartments, Co.*, 249 A.D.2d 68, 69 (1st Dep't 1998) ("In order to establish a viable

independent claim for deception and false representation, plaintiff must plead, within the appropriate period of limitations, a unique set of circumstances whose remedy is not already available to the Attorney-General.") (citations omitted).  Thus, Judge Marrero's assertion that Martin Act preemption is a creation of the Southern District of New York without any support in the state courts of New York is simply incorrect.[2]

Finally, Judge Marrero's opinion is based in large part on his policy-based concern that preemption would "clash[] with the Martin Act's goals" because it risks leaving "a large number of *defrauded* investors . . . without justice in the many cases which the Attorney General does not or cannot prosecute[.]"  Marrero slip op. at 31, 32 (emphasis added).  This argument simply does not apply to Defendants' position in this case:  no Defendant has asserted that the Martin Act should preempt a private claim for common law fraud.  Defendants assert only that Plaintiffs' negligent misrepresentation claim in this action amounts to precisely the kind of non-scienter misstatement-based claim that New York's legislature created as a special enforcement tool intended for the Attorney General's exclusive use.  A finding of preemption in this case would in no way impact or jeopardize existing civil protections offered to fraud victims through a traditional common law fraud claim.[3]

---

[2]  New York trial courts also routinely hold that Martin Act preemption is not limited to those claims "created" by the Martin Act as Judge Marrero asserted.  Rather, they hold (citing the First Department's decision in *Horn*) that all common law non-fraud torts in the securities context — an area "given over" to the New York Attorney General — are preempted by the Martin Act.  *See e.g.*, *Jana Master Fund, Ltd.* v. *JPMorgan Chase & Co.*, 19 Misc. 3d 1106(A), 2008 WL 746540, at *5 (Sup. Ct. N.Y. Co. Mar. 12, 2008); *Aris Multi-Strategy Offshore Fund, Ltd.* v. *Devaney*, 26 Misc. 3d 1221(A)(Table), 2009 WL 5851192, at *11 (Sup. Ct. N.Y. Co. Dec. 14, 2009); *Assured Guaranty (UK) Ltd.* v. *J.P. Morgan Investment Management, Inc.*, No. 603755/08, 2010 WL 2977934(Table), at *5 (Sup. Ct. N.Y. Co. Jan. 28, 2010).

[3]  Moreover, even assuming *arguendo* that Judge Marrero's decision were well-founded, the restrictive approach to Martin Act preemption outlined in his opinion would support a finding of preemption in this case.  Judge Marrero recognized that preemption does exist under New York's Martin Act where sustaining a plaintiff's claim would be the equivalent of "creating" a claim under the Martin Act.  Marrero slip op. at 23-24 (noting a distinction between claims and obligations "created" by the Martin Act and those merely "covered" by the Martin Act).  Plaintiffs' claims in this action present exactly such a scenario.

Footnote continued on next page.

Dated: August 13, 2010                                   Respectfully submitted,


                                                   By:  /s/ Drew H. Campbell
Floyd Abrams (admitted *pro hac vice*)                  Drew H. Campbell (0047197)
S. Penny Windle (admitted *pro hac vice*)          BRICKER & ECKLER LLP
Tammy L. Roy (admitted *pro hac vice*)             100 South Third Street
CAHILL GORDON & REINDEL LLP                        Columbus, Ohio 43215
80 Pine Street                                     Telephone: (614) 227-2319
New York, New York 10005                           Facsimile: (614) 227-2390
Telephone:  (212) 701-3000
Facsimile:  (212) 269-5420                         *Trial Counsel for Defendants The McGraw-Hill Companies, Inc. and Standard & Poor's Financial Services LLC*

*Counsel for Defendants The McGraw-Hill Companies, Inc. and Standard & Poor's Financial Services LLC*

---

Footnote continued from previous page.

New York common law does not recognize private rights of action (negligence or fraud) based on statements that relate to future events. *See, e.g.*, *Pacnet Network Ltd.* v. *KDDI Corp.*, 25 Misc. 3d 1203(A), 2009 WL 2999200, at *4 (Sup. Ct. N.Y. Co. Sept. 16, 2009); *ESBE Holdings, Inc.* v. *Vanquish Acquisition Partners, LLC*, 858 N.Y.S.2d 94, 95 (1st Dep't 2008). Yet, Plaintiffs here base their claims entirely on allegedly "inaccurate, unjustifiably high credit ratings" (Complaint ¶ 154) and credit ratings, by their very nature, speak only to future events, *i.e.*, the likelihood that an issuer will repay its future debt obligations. Thus, to the extent any claim can exist under New York law that the Rating Agencies' ratings, *i.e.*, opinions as to the future, were somehow "unjustified" or beyond reasonable expectation, the authority to bring such a claim is expressly granted by the Martin Act to the New York Attorney General alone. *See* N.Y. Gen. Bus. Law, Art. 23-A, § 352-c(b) (providing that, in addition to "fraud," the Attorney General may regulate any "representation as to the future which is beyond reasonable expectation or unwarranted by existing circumstances"). Any such claim that a private plaintiff purports to assert, *i.e.*, a claim unrecognized under common law but provided for the New York Attorney General under the Martin Act, is precisely the type of claim that even Judge Marrero recognized as preempted by the Martin Act.

3948643v1

James J Coster (admitted *pro hac vice*)
Joshua M. Rubins (admitted *pro hac vice*)
SATTERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue, 11th Floor
New York, New York 10169
Telephone: (212) 818-9200
Facsimile: (212) 818-9606

*Counsel for Defendants Moody's Corp. and Moody's Investors Service, Inc.*

By: \_\_/s/ Michael S. Carpenter_____
    Michael H. Carpenter (0015733)
    Jeffrey A. Lipps (0005541)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145

*Trial Counsel for Defendants Moody's Corp. and Moody's Investors Service, Inc.*

Martin Flumenbaum (admitted *pro hac vice*)
Roberta A. Kaplan (admitted *pro hac vice*)
Julia Tarver Mason (admitted *pro hac vice*)
Tobias J. Stern (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Telephone: 212-373-3000
Facsimile: 212-757-3990

*Counsel for Defendant Fitch, Inc.*

By: \_\_/s/ Thomas D. Warren_____
    Thomas D. Warren  (0077541)
BAKER & HOSTETLER LLP
3200 National City Center
1900 East 9th Street
Cleveland, Ohio 44114-3485
Telephone: (216) 621-0200
Facsimile: (216) 696-0740

*Trial Counsel for Defendant Fitch, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 13, 2010, a true copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing by electronic receipt to the parties.

                                          /s/ Drew H. Campbell_____
                                          Drew H. Campbell (0047197)

3948643v1