UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

------------------------------------------------------- x
:
OHIO POLICE & FIRE PENSION FUND, :
OHIO PUBLIC EMPLOYEES RETIREMENT :
SYSTEM, STATE TEACHERS :
RETIREMENT SYSTEM OF OHIO, :
SCHOOL EMPLOYEES RETIREMENT : Civil Action No. 2:09-cv-1054
SYSTEM OF OHIO, and OHIO PUBLIC :
EMPLOYEES DEFERRED : Judge Graham
COMPENSATION PROGRAM, :
:
                      Plaintiffs, :
:
         v. :
:
STANDARD & POOR'S FINANCIAL :
SERVICES LLC, THE MCGRAW-HILL :
COMPANIES, INC., MOODY'S CORP., :
MOODY'S INVESTORS SERVICE, INC., :
and FITCH, INC., :
:
                      Defendants. :
:
------------------------------------------------------- x

## THE RATING AGENCIES' NOTICE OF SUPPLEMENTAL AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants Standard & Poor's Financial Services LLC, The McGraw-Hill Companies, Inc., Moody's Corp., Moody's Investors Service, Inc., and Fitch, Inc. respectfully submit this Notice of Supplemental Authorities to bring to the Court's attention four recent decisions which support their Motion to Dismiss.

*In re Beacon Assocs. Litig.*, 09 Civ. 777 (DN 181) (S.D.N.Y. Oct. 5, 2010)

On October 5, 2010, the Honorable Leonard Sand, United States District Judge for the Southern District of New York, issued an order granting in part and denying in part the defendants' motion to dismiss in *In re Beacon Assocs. Litig.*, 09 Civ. 777 (DN 181) (S.D.N.Y.

Oct. 5, 2010) (attached hereto as exhibit A).  In *Beacon Assocs.*, the court dismissed the plaintiffs' negligent misrepresentation claims because they were preempted under New York law by the Martin Act.  DN 181 at 70-78.  The court noted that "the overwhelming majority of courts to consider the issue have found that such claims are preempted." *Id.* at 71-72.  While the court acknowledged that New York Attorney General Andrew Cuomo has argued against preemption in two recently filed amicus briefs, the court noted that "the same policy arguments set out in the NY AG's briefs" have been "considered and rejected" by the courts. *Id.* at 74.

*Rice* v. *Charles Schwab, et al.*, 10 Civ. 398 (DN 43) (S.D. Cal. Oct. 22, 2010)

On October 22, 2010, the Honorable Cormac J. Carney, United States District Judge for the Southern District of California, issued an order granting the rating agency defendants' motion to dismiss in *Rice* v. *Charles Schwab, et al.*, 10 Civ. 398 (DN 43) (S.D. Cal. Oct. 22, 2010) (attached hereto as exhibit B).  In *Rice*, the court dismissed negligent misrepresentation claims brought by certain purchasers of securities against two of the same rating agencies that are defendants in this action because the plaintiffs failed to plead, under either New York law or California law, that they belonged to the "narrow and circumscribed group of persons" to whom an information provider may be held liable for negligent publication. "The rationale for limiting liability to a specified group of persons is to protect professionals who provide information from unlimited and uncertain liability." DN at 6.  Citing California law, which, like Ohio law, adopts the approach set out in the Restatement (Second) of Torts Section 552(2), the *Rice* court found that plaintiffs alleged no facts that distinguish them "from any of the other countless investors who use Defendants' published credit ratings." *Id.* at 7-8. The *Rice* court further found that plaintiffs had not alleged an actionable misstatement.

Recognizing that "Defendants' credit ratings are opinions or predictions" that "are not actionable unless Plaintiffs can demonstrate that Defendants' representatives who published credit ratings actually knew the credit ratings were false or did not believe that the credit ratings were true at the time that each rating was issued," the court concluded that plaintiffs' "conclusory allegations [were] not sufficient to show that Defendants knew their credit ratings were false or did not believe in the truth of their credit ratings at the time they were made." *Id*. at 5-6.

*In re Wells Fargo Mortgage-Backed Certificates Litig.*, 09 Civ. 1376 (DN 288) (N.D. Cal. Oct. 5, 2010)

On October 5, 2010, the Honorable Lucy H. Koh, United States District Judge for the Northern District of California, issued an order granting in part and denying in part certain defendants' motion to dismiss in *In re Wells Fargo Mortgage-Backed Certificates Litig.*, 09 Civ. 1376 (DN 288) (N.D. Cal. Oct 5, 2010) (attached hereto as exhibit C). In dismissing the plaintiffs' claims based upon the ratings given to the securities at issue, the court in *Wells Fargo* held that credit ratings are statements of opinion and noted that "a number of other courts have reached the same conclusion." DN 288 at 6. The court further held that, as statements of opinion, credit ratings can give rise to liability "only if the complaint alleges with particularity that the statements were both objectively and subjectively false or misleading." *Id.* at 7, quoting *Rubke* v. *Capitol Bancorp LTD*, 551 F.3d 1156, 1162 (9th Cir. 2009), *citing Virginia Bankshares, Inc.* v. *Sandberg*, 501 U.S. 1083, 1095-96 (1991).

3

<u>*NECA-IBEW Health & Welfare Fund* v. *Goldman, Sachs, & Co., et al.*, 08 Civ. 10783 (DN 107) (S.D.N.Y. Oct. 15, 2010)</u>

On October 15, 2010, the Honorable Miriam Goldman Cedarbaum, United States District Judge for the Southern District of New York, issued an order granting the defendants' motion to dismiss the complaint in *NECA-IBEW Health & Welfare Fund* v. *Goldman, Sachs, & Co., et al.*, 08 Civ. 10783 (DN 107) (S.D.N.Y. Oct. 15, 2010) (attached hereto as exhibit D).  In *NECA-IBEW*, the plaintiffs brought suit alleging violations of Section 11 of the Securities Act of 1933 in connection with the sale of mortgage-backed securities.  Like the plaintiffs here, the plaintiffs in *NECA-IBEW* did not allege that any of the securities that they purchased had ceased making scheduled payments, but rather the plaintiffs merely alleged that "the value of the Certificates ha[d] diminished greatly since their original offering."  DN 107 at 7.  The court dismissed the plaintiffs' claims for failure to allege a cognizable injury, holding that "to allege an injury cognizable under Section 11, NECA must allege the actual failure to receive payments under the Certificates."  *Id.* at 10.

Dated:  October 28, 2010

Floyd Abrams (admitted *pro hac vice*)
S. Penny Windle (admitted *pro hac vice*)
Tammy L. Roy (admitted *pro hac vice*)
CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, New York 10005
Telephone: (212) 701-3000
Facsimile: (212) 269-5420

*Counsel for Defendants The McGraw-Hill Companies, Inc. and Standard & Poor's Financial Services LLC*

Respectfully submitted,

By:  /s/ Drew H. Campbell
Drew H. Campbell (0047197)
BRICKER & ECKLER LLP
100 South Third Street
Columbus, Ohio 43215-4291
Telephone:  (614) 227-2319
Facsimile:  (614) 227-2390

*Trial Counsel for Defendants The McGraw-Hill Companies, Inc. and Standard & Poor's Financial Services LLC*

4

| | |
|---|---|
| James J. Coster (admitted *pro hac vice*)<br>Joshua M. Rubins (admitted *pro hac vice*)<br>SATTERLEE STEPHENS BURKE & BURKE LLP<br>230 Park Avenue, 11th Floor<br>New York, New York 10169<br>Telephone:  (212) 818-9200<br>Facsimile:  (212) 818-9606<br><br>*Counsel for Defendants Moody's Corp. and Moody's Investors Service, Inc.* | By:  /s/ Michael H. Carpenter<br>Michael H. Carpenter<br>Jeffrey A. Lipps<br>CARPENTER LIPPS & LELAND LLP<br>280 Plaza, Suite 1300<br>280 North High Street<br>Columbus, Ohio 43215<br>Telephone: (614) 365-4100<br>Facsimile: (614) 365-9145<br><br>*Trial Counsel for Defendants Moody's Corp. and Moody's Investors Service, Inc.* |
| Martin Flumenbaum (admitted *pro hac vice*)<br>Roberta A. Kaplan (admitted *pro hac vice*)<br>Julia Tarver Mason (admitted *pro hac vice*)<br>Tobias J. Stern (admitted *pro hac vice*)<br>PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br>1285 Avenue of the Americas<br>New York, New York 10019<br>Telephone: 212-373-3000<br>Facsimile:  212-757-3990<br><br>*Counsel for Defendant Fitch, Inc.* | By:   /s/ Thomas D. Warren<br>Thomas D. Warren<br>BAKER & HOSTETLER LLP<br>3200 National City Center<br>1900 East 9th Street<br>Cleveland, Ohio 44114-3485<br>Telephone: (216) 621-0200<br>Facsimile:  (216) 696-0740<br><br>*Trial Counsel for Defendant Fitch, Inc.* |

**CERTIFICATE OF SERVICE**

I certify that on the 28th day of October, 2010, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/  Thomas D. Warren
One of the attorneys for the
Defendant Rating Agencies