UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

---

OHIO POLICE & FIRE PENSION FUND,
OHIO PUBLIC EMPLOYEES RETIREMENT
SYSTEM, STATE TEACHERS
RETIREMENT SYSTEM OF OHIO,
SCHOOL EMPLOYEES RETIREMENT
SYSTEM OF OHIO, and OHIO PUBLIC
EMPLOYEES DEFERRED
COMPENSATION PROGRAM,

                Plaintiffs,

     v.

STANDARD & POOR'S FINANCIAL
SERVICES LLC, THE MCGRAW-HILL
COMPANIES, INC., MOODY'S CORP.,
MOODY'S INVESTORS SERVICE, INC.,
and FITCH, INC.,

                Defendants.

Civil Action No. 2:09-cv-1054

Judge Graham

---

**THE RATING AGENCIES' REPLY TO THE OHIO FUNDS' RESPONSE TO THE RATING AGENCIES' NOTICE OF SUPPLEMENTAL AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants Standard & Poor's Financial Services LLC, The McGraw-Hill Companies, Inc., Moody's Corp., Moody's Investors Service, Inc., and Fitch, Inc. (the "Rating Agencies") respectfully submit this reply to the Ohio Funds' Response to the Rating Agencies' Notice of Supplemental Authorities in Support of Their Motion to Dismiss.

On October 28, 2010, the Rating Agencies submitted a notice of supplemental authority to bring to the Court's attention four recent decisions relevant to the Court's consideration of the Rating Agencies' motion to dismiss (the "Notice"). The first three of those cases confirmed the preemptive effect of New York's Martin Act (*In re Beacon Assocs. Litig.*,

No. 09 Civ. 777, 2010 WL 3895582 (S.D.N.Y. Oct. 5, 2010)); and confirmed that the Rating Agencies' credit rating opinions are, in fact, opinions and, thus, are not actionable as statements of fact (*Rice* v. *Charles Schwab, et al.*, No. 8:10-cv-398 (DN 43) (C.D. Cal Oct. 22, 2010); *In re Wells Fargo Mortgage-Backed Certificates Litig.*, 09 Civ. 1376 (DN 288) (N.D. Cal. Oct. 5, 2010)). On November 9, 2010, the Ohio Funds filed a response to the Rating Agencies' Notice. With respect to those cases above, the Ohio Funds say nothing of substance other than the conclusory assertion that the "decisions offer no new insight to this Court." (Response at 2.)

The fourth case we cited in our Notice held that plaintiffs do not have standing where, as here, they have failed to allege a "cognizable injury." *NECA-IBEW & Welfare Fund* v. *Goldman Sachs & Co.*, 08 Civ. 10783, 2010 WL 4054149 (S.D.N.Y. Oct. 15, 2010). In response to that case, the Ohio Funds argue that our Notice presented a "new theory not previously raised [and] not properly before the Court" as to whether "the Ohio Funds failed to adequately plead damages or injury." (Response at 2.) This is not accurate. Despite the Ohio Funds' assertion to the contrary, in Section III.C.3 of the Motion to Dismiss, the Rating Agencies did raise Plaintiffs' failure to adequately plead a cognizable injury, arguing that:

> Plaintiffs have failed to provide any supporting information about how, if at all, the securities they purchased have "lost value." (*See, e.g.*, Compl. ¶ 102 (referencing "$83 million in losses *thus far*" on securities allegedly purchased by one Plaintiff (emphasis added)); *id.* ¶ 103 (stating that those securities have "lost value"); *see also id.* ¶¶ 112-13, 122-23, 132-33, 142-43 (identical allegations for remaining Plaintiffs).) Nowhere in the Complaint is there any allegation that Plaintiffs have sold their securities at a loss (or that they have sold them at all), or even that they have been unable to sell the securities. Indeed, Plaintiffs do not even allege, with any particularity, what their loss is—stating instead simply that the securities have "lost value" and providing a minimum amount of their losses "thus far." (*See, e.g.*, Compl. ¶¶ 102-03.)

(Rating Agencies' Memo. of Law at 38.) In the reply in further support of their motion to dismiss, the Rating Agencies further asserted that "[s]etting aside the cause of [Plaintiffs'

2

alleged] losses, Plaintiffs have not even adequately alleged the existence of losses;" and that "Plaintiffs do not even allege that any of the fixed income securities they purchased have defaulted." (Reply Br. at 51, n. 37.)  As in *NECA-IBEW*, such a failure to adequately plead a cognizable injury, warrants dismissal of the Ohio Funds' claims here.  *See, e.g.,* 2010 WL 4054149, at *4 (noting that dismissal was warranted because plaintiffs, *inter alia*, "failed to provide factual enhancement" for their conclusory assertion that plaintiffs had suffered "market value" losses).

Dated:  November 16, 2010

Floyd Abrams (admitted *pro hac vice*)
S. Penny Windle (admitted *pro hac vice*)
Tammy L. Roy (admitted *pro hac vice*)
CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, New York 10005
Telephone: (212) 701-3000
Facsimile: (212) 269-5420
*Counsel for Defendants The McGraw-Hill Companies, Inc. and Standard & Poor's Financial Services LLC*

Respectfully submitted,

By:  /s/ Drew H. Campbell
Drew H. Campbell (0047197)
BRICKER & ECKLER LLP
100 South Third Street
Columbus, Ohio 43215-4291
Telephone:  (614) 227-2319
Facsimile:  (614) 227-2390
*Trial Counsel for Defendants The McGraw-Hill Companies, Inc. and Standard & Poor's Financial Services LLC*

James J. Coster (admitted *pro hac vice*)
Joshua M. Rubins (admitted *pro hac vice*)
SATTERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue, 11th Floor
New York, New York 10169
Telephone:  (212) 818-9200
Facsimile:  (212) 818-9606
*Counsel for Defendants Moody's Corp. and Moody's Investors Service, Inc.*

By:  /s/ Michael H. Carpenter
Michael H. Carpenter
Jeffrey A. Lipps
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
*Trial Counsel for Defendants Moody's Corp. and Moody's Investors Service, Inc.*

4

| | |
|---|---|
| Martin Flumenbaum (admitted *pro hac vice*)<br>Roberta A. Kaplan (admitted *pro hac vice*)<br>Julia Tarver Mason (admitted *pro hac vice*)<br>Tobias J. Stern (admitted *pro hac vice*)<br>PAUL, WEISS, RIFKIND, WHARTON &<br>GARRISON LLP<br>1285 Avenue of the Americas<br>New York, New York 10019<br>Telephone: 212-373-3000<br>Facsimile:  212-757-3990<br>*Counsel for Defendant Fitch, Inc.* | By:   /s/ Thomas D. Warren<br>Thomas D. Warren<br>BAKER & HOSTETLER LLP<br>3200 National City Center<br>1900 East 9th Street<br>Cleveland, Ohio 44114-3485<br>Telephone: (216) 621-0200<br>Facsimile:  (216) 696-0740<br>*Trial Counsel for Defendant Fitch, Inc.* |

## CERTIFICATE OF SERVICE

I certify that on the 16th day of November, 2010, the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/  Thomas D. Warren
One of the attorneys for the
Defendant Rating Agencies