UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| OHIO POLICE & FIRE PENSION FUND, OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM, STATE TEACHERS RETIREMENT SYSTEM OF OHIO, SCHOOL EMPLOYEES RETIREMENT SYSTEM OF OHIO, and OHIO PUBLIC EMPLOYEES DEFERRED COMPENSATION PROGRAM,<br><br>                Plaintiffs,<br><br>v.<br><br>STANDARD & POOR'S FINANCIAL SERVICES LLC, THE MCGRAW-HILL COMPANIES, INC., MOODY'S CORP., MOODY'S INVESTORS SERVICE, INC., and FITCH, INC.,<br><br>                Defendants. | Civil Action No. 2:09-cv-1054<br><br>Judge Graham |

**NOTICE OF SUPPLEMENTAL AUTHORITY
IN SUPPORT OF THE RATING AGENCIES' MOTION TO DISMISS**

Defendants Standard & Poor's Financial Services LLC and The McGraw-Hill Companies, Inc. (collectively, "S&P") respectfully submit this Notice of Supplemental Authority in Support of the Motion to Dismiss filed by Defendants S&P, Moody's Corp., Moody's Investors Service, Inc., and Fitch, Inc. (collectively, the "Rating Agencies").

On November 29, 2010, the Honorable R. Stanton Wettick, Jr. of the Pennsylvania Court of Common Pleas entered an Opinion and Order granting in part and denying in part the Rating Agencies' preliminary objections seeking dismissal of plaintiff's claims in *Federal Home Loan Bank of Pittsburgh* v. *J.P. Morgan Securities LLC et al.*, Case No. GD09-016892 (Pa. C.P. Allegheny Cnty. Nov. 29, 2010) ("*FHLB*").

In *FHLB*, plaintiff asserted claims against the Rating Agencies, for, *inter alia*, alleged intentional and negligent misrepresentations in connection with plaintiff's purchase of certain mortgage-backed securities. Judge Wettick granted the Rating Agencies' objections and dismissed plaintiff's negligent misrepresentation claim on several grounds, including that the claim was barred by the First Amendment.

Judge Wettick's opinion expressly adopts Judge Scheindlin's conclusion in *Abu Dhabi Commercial Bank et al.* v. *Morgan Stanley & Co. Inc., et al.*, 651 F. Supp. 2d 155 (S.D.N.Y. 2009), that, "[i]t is well-established that under typical circumstances, the First Amendment protects rating agencies, subject to an 'actual malice' exception, from liability arising out of their issuance of ratings and reports because their ratings are considered matters of public concern." *See FHLB*, slip op. at 13 (quoting *Abu Dhabi*, 651 F. Supp. 2d at 175). Noting that, "[w]hen the rating agencies made the ratings [at issue], there was no specific investor or small group of investors for whom the ratings were being prepared," *FHLB*, slip op. at 12, Judge Wettick concluded that the plaintiff's allegations in *FHLB* "[did] not bring th[e] case within the exception recognized in *Abu Dhabi* because the 'limited number' of investors that plaintiff describes in its complaint could be in the hundreds or the thousands. Furthermore, the ratings were included in the offering documents filed with the SEC and were made available to the world. Thus, the ratings were . . . intended to be included in offering documents available to all potential investors." *FHLB*, slip op. at 17.

Judge Wettick further noted that "[o]pinions predicting the future relating to matters of public concern cannot be the basis of a negligent misrepresentation claim. Such opinions are protected by the First Amendment as long as they genuinely reflect the

2

4157020v1

opinions of the speaker at the time of speech." *FHLB*, slip op., at 18. Citing several cases, including the decision in *Paul Rice and Joseph Rice* v. *Charles Schwab, Moody's Investors Service, Standard and Poor's, and Does 1-50*, Case No. SACV 10-00398-CJC (C.D. Cal. Oct. 22, 2010) ("*Rice*"), recently submitted to this Court, Judge Wettick reasoned that "AAA ratings given by a rating agency to securities are representations of the rating agency that at the time it gave the ratings, the rating agency genuinely believed its opinion." *FHLB*, slip op. at 19. These representations, he concluded, cannot support a claim for negligent misrepresentation. *See id.*

Judge Wettick's opinion in *FHLB* also considered arguments regarding the scope of Restatement (Second) Torts § 552 (1977) and the breadth of the subject ratings' publication. Citing *Rice*, Judge Wettick rejected the plaintiff's reading of § 552 and he specifically noted that: "[i]f under the facts of this case the rating agencies would come within the scope of § 552(2)(a), this provision would be rendered almost meaningless." *FHLB*, slip op., at 12.

December 3, 2010

          Respectfully submitted,

          By: _/s/ Drew H. Campbell_____
             Drew H. Campbell (0047197)

| | |
|---|---|
| Floyd Abrams (admitted *pro hac vice*) | BRICKER & ECKLER LLP |
| S. Penny Windle (admitted *pro hac vice*) | 100 South Third Street |
| Tammy L. Roy (admitted *pro hac vice*) | Columbus, Ohio 43215 |
| CAHILL GORDON & REINDEL LLP | Telephone: (614) 227-2319 |
| 80 Pine Street | Facsimile: (614) 227-2390 |
| New York, New York 10005 | |
| Telephone: (212) 701-3000 | *Trial Counsel for Defendants The* |
| Facsimile: (212) 269-5420 | *McGraw-Hill Companies, Inc. and* |
| | *Standard & Poor's Financial Services* |
| *Counsel for Defendants The McGraw-Hill* | *LLC* |
| *Companies, Inc. and Standard & Poor's* | |
| *Financial Services LLC* | |

3

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 3, 2010, a true copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing by electronic receipt to the parties.

/s/ Drew H. Campbell
Drew H. Campbell (0047197)