IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| OHIO POLICE & FIRE PENSION FUND, OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM, STATE TEACHERS RETIREMENT SYSTEM OF OHIO, SCHOOL EMPLOYEES RETIREMENT SYSTEM OF OHIO, and OHIO PUBLIC EMPLOYEES DEFERRED COMPENSATION PROGRAM, <br><br> Plaintiffs, <br><br> v. <br><br> STANDARD & POOR'S FINANCIAL SERVICES LLC, THE MCGRAW-HILL COMPANIES, INC., MOODY'S CORP., MOODY'S INVESTORS SERVICE, INC., and FITCH, INC., <br><br> Defendants. | Case No.: 2:09 cv 1054 <br><br> Judge Graham <br> Magistrate Judge Kemp |

**THE OHIO FUNDS' RESPONSE TO STANDARD & POOR'S JANUARY 27, 2011 NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THE RATING AGENCIES' MOTION TO DISMISS**

The Ohio Funds[1] respectfully submit this response to the Notice of Supplemental Authority filed by Defendants Standard & Poor's Financial Services LLC and The McGraw-Hill Companies, Inc. (collectively, "S&P") on January 27, 2011 (Dkt. No. 62),

---

[1] The Ohio Funds are Plaintiffs Ohio Police & Fire Pension Fund, Ohio Public Employees Retirement System, State Teachers Retirement System of Ohio, School Employees Retirement System of Ohio, and Ohio Public Employees Deferred Compensation Program.

910186.1         1

discussing the decision of the First Circuit Court of Appeals in *Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*, No. 09-2596, 2011 U.S. App. LEXIS 1254 (1st Cir. Jan. 20, 2011) ("*Nomura*"). For the reasons stated below, *Nomura* is inapposite to the present case.

In *Nomura*, investors who purchased mortgage pass-through certificates issued by eight trusts asserted claims under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 ("Securities Act") against the trusts, the "depositor" that organized them, the trusts' underwriters, and five of the depositor's officers and directors. *Id.* at *2-6. Plaintiffs alleged that these defendants made misrepresentations regarding the mortgages the depositor acquired and transferred to each trust, which issued and sold (with the aid of underwriters) certificates representing interests in the trusts. *Id.* at *2-3. Those misrepresentations related to lending guidelines and appraisal standards with respect to the mortgages, as well as the credit ratings of the mortgage pass-through certificates. *Id.* at *21. On that basis, plaintiffs alleged that the offering documents for the certificates "contained false or misleading statements, and as a result plaintiffs purchased securities whose true value when purchased was less than what was paid for them." *Id.* at *5. The district court dismissed plaintiffs' claims for lack of standing and for failure to state a claim. *Id.* at *6. The First Circuit affirmed the lower court's decision in part and vacated it in part. *Id.* at *35.

*Nomura* is inapposite to the Ohio Funds' claims here. Most fundamentally, and as S&P omits to mention, *Nomura* does not involve claims against the Rating Agencies. Rather, plaintiffs asserted that ***the trusts, the depositor, the underwriters and individual officers and directors*** made misrepresentations to investors by reporting the credit ratings

in offering documents for the certificates the trusts issued. *Id.* at *20. In that regard, the prospectus supplements for the certificates set forth ratings that S&P or Moody's Investors Service, Inc. had assigned to the certificates or "stated that the certificates would not be offered unless they received an 'investment grade' rating from S&P (AAA through BBB) or Moody's (Aaa through Baa3)." *Id.* at *29. Plaintiffs did not allege that defendants misreported the assigned ratings or failed to meet the "unless" condition; rather, plaintiffs claimed the ratings themselves were misleading. *Id.*

Stating defendants "are not liable under the securities laws when their opinions, or those they reported, were honestly held when formed but simply turn out later to be inaccurate" or because "they could have formed 'better' opinions," *id.* at *30-31, the First Circuit concluded the ratings "***were accurately reported by defendants*** and nothing more is required so long as the ratings were honestly made, had some basis, and did not omit critical information." *Id.* at *32 (emphasis added). Moreover, the Court acknowledged "[t]hat a high rating may be mistaken, a rater negligent in the model employed or the rating company interested in securing more business may be true," but concluded "it does not make ***the report of the rating*** false or misleading." *Id.* (emphasis added); *see also Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*, 658 F. Supp. 2d 299, 309 (D. Mass. 2009) ("Plaintiffs argue that the deterioration of lending standards and the introduction of 'exotic' mortgage products in the years between 2001 and 2005 rendered Moody's and S&P's ratings meaningless. While that may be true, plaintiffs do not allege that defendants inaccurately reported the actual ratings awarded by Moody's and S&P."), aff'd in part and vacated in part, *Nomura, supra*. The Court of Appeals further reasoned that because Sections 11 and 12 of the Securities Act impose

"liability without fault even for those who merely report the statements or opinions of others," the absence of a scienter requirement "may suggest special caution before classifying an accurate report of a third-party opinion as 'misleading' based on implied representations about subjective intent or qualifications known only to the third party [there, the rating agencies]." *Nomura*, 2011 U.S. App. LEXIS 1254, at *32-33.

In stark contrast to plaintiffs in *Nomura*, in the present case, the Ohio Funds assert claims ***directly*** against the Rating Agencies based on their participation in the asset-backed securities ("ABS") transactions at issue, misrepresentation of their role in those transactions (including their mismanagement of conflicts of interest inherent in the "issuer-pays" model), and issuance of false or misleading ratings. *See, e.g.*, Complaint (Dkt. No. 2) ¶ 91 ("The Rating Agencies failed to make adequate disclosures regarding the ratings process and their methodologies."); ¶ 155 ("Defendants knew or should have known that their representations concerning the ABS, including the ratings themselves, were materially false or misleading."). While the Rating Agencies' ratings were reported in offering materials pursuant to which the Ohio Funds purchased ABS during the Relevant Period (January 1, 2005 through July 8, 2008), the Ohio Funds' claims are premised on misstatements and omissions of the Rating Agencies, not any liability by others in "reporting" those ratings. Moreover, the Ohio Funds thus do not attempt to hold the Rating Agencies liable simply for issuing opinions that "later to turn out to be inaccurate" or could have been "'better,'" *i.e.*, the type of negligence by hindsight pleading of which the First Circuit disapproved. *See Nomura*, 2011 U.S. App. LEXIS

1254, at *30-31.[2] Unlike in *Nomura*, the Ohio Funds allege the Rating Agencies knew or should have known their ratings on the ABS at issue did not have an adequate basis when made and the Rating Agencies omitted "critical information." *Cf. Nomura*, 2011 U.S. App. LEXIS 1254, at *32. Finally, the Ohio Funds' claims – for negligent misrepresentation and violations of the Ohio Securities Act – do not warrant the "special caution" the First Circuit endorsed with respect to "an accurate report of a third-party opinion" where the defendants were subject to "liability without fault."

In light of the foregoing, as well as the arguments and authorities the Ohio Funds previously submitted in opposition to the instant motion to dismiss, the Rating Agencies' reliance on *Nomura* is unavailing. As with the other authorities the Rating Agencies have cited in their memoranda of law and subsequent notices to the Court, *Nomura* does not support dismissal of the Ohio Funds' claims.

Dated:  February 2, 2011                                    Respectfully submitted,


                                                            MIKE DEWINE (0009181)
                                                            OHIO ATTORNEY GENERAL

---

[2] As S&P indicates, the First Circuit cited a Sixth Circuit decision, *J&R Marketing, SEP v. General Motors Corp.*, 549 F.3d 384, 392-93 (6th Cir. 2008), affirming the district court's dismissal of plaintiffs' claims. Plaintiffs in *J&R Marketing* alleged, *inter alia*, General Motors Acceptance Corporation ("GMAC") misled investors by failing to disclose material financial information, which resulted in an artificially inflated credit rating for GMAC's bonds, in violation of the Securities Act. *Id.* at 388, 392. Plaintiffs further asserted "that when GMAC disclosed the credit rating it was assigned by credit ratings agencies, it was warranting that the rating was an accurate reflection of its risk of default." *Id.* at 392. The Sixth Circuit stated GMAC "did not warrant its credit rating, and therefore cannot be held to have misled investors when disclosing it." *Id.* The Court further concluded that GMAC, in disclosing its credit rating, was not implying the rating agency's opinion regarding GMAC's risk of default "was accurate and should be relied upon." *Id.* at 392-93. The Court held "GMAC's disclosure of its credit rating was merely a true statement of historical fact" and concluded, "[b]ecause investors assigned independent meaning to the credit rating assigned by the agencies, they would not assume, absent any language to the contrary, that GMAC was in any way warranting the accuracy of the rating." *Id.* at 393. As in *Nomura*, plaintiffs in *J&R Marketing* did not assert claims against the Rating Agencies for misconduct in connection with their participation in securitizations and ratings of issued securities. Therefore, *J&R Marketing*, like *Nomura*, is readily distinguishable from this case.

/s/ John P. Gilligan
SCHOTTENSTEIN, ZOX & DUNN
CO., L.P.A.
John P. Gilligan (0024542)
250 West Street
Columbus, Ohio 43215
Telephone: (614) 462-2700
Facsimile: (614) 462-5135
Email: jgilligan@szd.com

*Trial Attorney for Plaintiffs
Ohio Police & Fire Pension Fund,
Ohio Public Employees Retirement
System, State Teachers Retirement
System of Ohio, School Employees
Retirement System of Ohio, and Ohio
Public Employees Deferred
Compensation Program*

Of Counsel:

John C. McDonald (0012190)
Matthew L. Fornshell (0062101)
Kevin L. Murch (0066833)
Katherine G. Manghillis (0077307)
SCHOTTENSTEIN ZOX & DUNN CO., LPA
250 West Street
Columbus, Ohio 43215
Telephone: (614) 462-1087
Facsimile: (614) 228-4846
Email: jmcdonald@szd.com
mfornshell@szd.com
kmanghillis@szd.com

ENTWISTLE & CAPPUCCI LLP
Andrew J. Entwistle (admitted *pro hac vice*)
Johnston de F. Whitman, Jr. (admitted *pro hac vice*)
Richard W. Gonnello (admitted *pro hac vice*)
Francis P. McConville (admitted *pro hac vice*)
280 Park Avenue, 26th Floor West
New York, New York 10017
Telephone: (212) 894-7200

910186.1                                6

Facsimile:  (212) 894-7272
Email: aentwistle@entwistle-law.com
jwhitman@entwistle-law.com
rgonnello@entwistle-law.com
fmcconville@entwistle-law.com


LIEFF, CABRASER, HEIMANN &
    BERNSTEIN, LLP
Steven E. Fineman (admitted *pro hac vice*)
Daniel P. Chiplock (admitted *pro hac vice*)
Michael Miarmi (admitted *pro hac vice*)
250 Hudson Street, 8th Floor
New York, New York 10013
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592
Email: sfineman@lchb.com
dchiplock@lchb.com
mmiarmi@lchb.com

Richard M. Heimann (admitted *pro hac vice*)
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008
Email: rheimann@lchb.com


*Special Counsel for Plaintiffs Ohio Police & Fire Pension Fund, Ohio Public Employees Retirement System, State Teachers Retirement System of Ohio, School Employees Retirement System of Ohio, and Ohio Public Employees Deferred Compensation Program*

## CERTIFICATE OF SERVICE

I certify that on this 2nd day of February, 2011, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ John P. Gilligan
*Attorney for Plaintiffs*