UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| OHIO POLICE & FIRE PENSION FUND, OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM, STATE TEACHERS RETIREMENT SYSTEM OF OHIO, SCHOOL EMPLOYEES RETIREMENT SYSTEM OF OHIO, and OHIO PUBLIC EMPLOYEES DEFERRED COMPENSATION PROGRAM, <br><br>         Plaintiffs, <br><br>         v. <br><br>STANDARD & POOR'S FINANCIAL SERVICES LLC, THE MCGRAW-HILL COMPANIES, INC., MOODY'S CORP., MOODY'S INVESTORS SERVICE, INC., and FITCH, INC., <br><br>         Defendants. | Civil Action No. 2:09-cv-1054 <br><br> Judge Graham |

## NOTICE OF SUPPLEMENTAL AUTHORITY
## IN SUPPORT OF THE RATING AGENCIES' MOTION TO DISMISS

Defendants Moody's Corp., Moody's Investors Service, Inc., Standard & Poor's Financial Services LLC, The McGraw-Hill Companies, Inc., and Fitch, Inc. (collectively, the "Rating Agencies") respectfully submit this Notice to bring to the Court's attention a recent decision, attached hereto, that supports the arguments made in their Motion to Dismiss.

On February 9, 2011, the Honorable Loretta A. Preska, Chief United States District Judge for the Southern District of New York, entered an Opinion and Order granting the Rating Agencies' Motion to Dismiss with Prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6), in *The Anschutz Corp. v. Merrill Lynch & Co, Inc. et al.*, 09 MD 2030 (LP) (S.D.N.Y.

4401723v1

Feb. 9. 2011) ("*Anschutz*").[1]  Anschutz asserted claims against the Rating Agencies for negligent misrepresentation in connection with its alleged purchase of certain securities ("ARS").  Judge Preska found that dismissal was warranted on two separate grounds.

First, Judge Preska ruled that, under the law of either New York or California, the Rating Agencies' ratings are non-actionable as misrepresentations with respect to any cause of action because they are statements of opinion and "inherently forward-looking." *Id*. at 30-32.  Moreover, Judge Preska held that Anschutz's allegations that the rating opinions were deficient, "improvident," or issued to retain business – allegations strikingly similar to those relied upon by plaintiffs in this case – could not render them actionable. *Id*. at 32-34.  These findings are fully applicable and support the dismissal of plaintiffs' claims here, all of which are premised on allegations of "misrepresentations."

Second, Judge Preska found that "Plaintiff does not adequately allege that a duty existed" that could support a negligence-based claim, even under California law – which, like Ohio, follows Section 552 of the Restatement rather than the even more restrictive law of New York. *Id*. at 30-31, n. 6.  Judge Preska found that Anschutz's allegations that the ratings were intended only for Qualified Institutional Buyers ("QIBs") described a category "far from 'narrow and circumscribed'" and could not support a finding of a duty. *Id*.  This finding applies here, *a fortiori*, given that plaintiffs offer only vague, conclusory allegations that they belong to some limited class of "institutional investors."[2]

---

[1] *Anschutz* was initially commenced in the Northern District of California.  That portion of the action involving Merrill Lynch securities, and Merrill Lynch-related claims against the Rating Agencies, were transferred to Judge Preska in connection with the *In re Merrill Lynch Auction Rate Securities Litigation* Multi-District Litigation,.

[2] Judge Preska determined that it was unnecessary to determine whether New York or California law governed the claims at issue.  However, she noted that, under New York law, the negligent misrepresentation claim was subject to dismissal on yet another ground: preemption under the Martin Act. *Id*. at 30-31, n. 6.

2

| | |
|---|---|
| Dated: February 15, 2011 | Respectfully submitted, |
| Floyd Abrams (admitted *pro hac vice*)<br>S. Penny Windle (admitted *pro hac vice*)<br>Tammy L. Roy (admitted *pro hac vice*)<br>CAHILL GORDON & REINDEL LLP<br>80 Pine Street<br>New York, New York 10005<br>Telephone: (212) 701-3000<br>Facsimile: (212) 269-5420<br>*Counsel for Defendants The McGraw-Hill Companies, Inc. and Standard & Poor's Financial Services LLC* | By:  /s/ Drew H. Campbell<br>Drew H. Campbell (0047197)<br>BRICKER & ECKLER LLP<br>100 South Third Street<br>Columbus, Ohio 43215-4291<br>Telephone: (614) 227-2319<br>Facsimile: (614) 227-2390<br>*Trial Counsel for Defendants The McGraw-Hill Companies, Inc. and Standard & Poor's Financial Services LLC* |
| James J. Coster (admitted *pro hac vice*)<br>Joshua M. Rubins (admitted *pro hac vice*)<br>SATTERLEE STEPHENS BURKE & BURKE LLP<br>230 Park Avenue, 11th Floor<br>New York, New York 10169<br>Telephone: (212) 818-9200<br>Facsimile: (212) 818-9606<br>*Counsel for Defendants Moody's Corp. and Moody's Investors Service, Inc.* | By:  /s/ Michael H. Carpenter<br>Michael H. Carpenter<br>Jeffrey A. Lipps<br>CARPENTER LIPPS & LELAND LLP<br>280 Plaza, Suite 1300<br>280 North High Street<br>Columbus, Ohio 43215<br>Telephone: (614) 365-4100<br>Facsimile: (614) 365-9145<br>*Trial Counsel for Defendants Moody's Corp. and Moody's Investors Service, Inc.* |
| Martin Flumenbaum (admitted *pro hac vice*)<br>Roberta A. Kaplan (admitted *pro hac vice*)<br>Julia Tarver Mason (admitted *pro hac vice*)<br>Tobias J. Stern (admitted *pro hac vice*)<br>PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br>1285 Avenue of the Americas<br>New York, New York 10019<br>Telephone: 212-373-3000<br>Facsimile: 212-757-3990<br>*Counsel for Defendant Fitch, Inc.* | By:  /s/ Thomas D. Warren<br>Thomas D. Warren<br>BAKER & HOSTETLER LLP<br>3200 National City Center<br>1900 East 9th Street<br>Cleveland, Ohio 44114-3485<br>Telephone: (216) 621-0200<br>Facsimile: (216) 696-0740<br>*Trial Counsel for Defendant Fitch, Inc.* |

4401723v1

## CERTIFICATE OF SERVICE

I certify that on the 15th day of February, 2011, the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

    /s/ Drew H. Campbell
Drew H. Campbell (0047197)
One of the attorneys for the
Defendant Rating Agencies