IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| OHIO POLICE & FIRE PENSION FUND, OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM, STATE TEACHERS RETIREMENT SYSTEM OF OHIO, SCHOOL EMPLOYEES RETIREMENT SYSTEM OF OHIO, and OHIO PUBLIC EMPLOYEES DEFERRED COMPENSATION PROGRAM, | : : : : : : : : | Case No.: 2:09 cv 1054  Judge Graham Magistrate Judge Kemp |
| Plaintiffs, | : : | |
| v. | : : | |
| STANDARD & POOR'S FINANCIAL SERVICES LLC, THE MCGRAW-HILL COMPANIES, INC., MOODY'S CORP., MOODY'S INVESTORS SERVICE, INC., and FITCH, INC., | : : : : : : | |
| Defendants. | : : | |

**THE OHIO FUNDS' RESPONSE TO THE RATING AGENCIES' FEBRUARY 15, 2011 NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR <u>MOTION TO DISMISS</u>**

The Ohio Funds[1] respectfully submit this response to the Rating Agencies' Notice of Supplemental Authority filed on February 15, 2011 (Dkt. No. 65), discussing *Anschutz Corp. v. Merrill Lynch & Co. (In re Merrill Lynch Auction Rate Securities Litigation)*,

---

[1] The Ohio Funds are Plaintiffs Ohio Police & Fire Pension Fund, Ohio Public Employees Retirement System, State Teachers Retirement System of Ohio, School Employees Retirement System of Ohio, and Ohio Public Employees Deferred Compensation Program.

No. 09 Civ. 9888 (LAP) (S.D.N.Y. Feb. 9, 2011), now reported at 2011 U.S. Dist. LEXIS 14053. As detailed below, *Anschutz* is inapposite to the claims at issue in this litigation; thus it does not assist the Rating Agencies.

Plaintiffs in *Anschutz* alleged Merrill Lynch & Co., Inc. and Merrill Lynch, Pierce, Fenner & Smith Inc. ("MLPFS") were liable for misconduct arising out of MLPFS's participation as underwriter and broker-dealer for certain issuances of auction rate securities ("ARS"), which are "variable-rate debt instruments or preferred stock with interest rates set by way of periodic auctions in which potential buyers submit bids at various interest rates." *Id.* at *3.[2] Plaintiffs asserted that, among its activities in connection with ARS issuances, MLPFS "participated as a buyer and seller in the auctions for its own account in an effort to ensure that the auctions would not fail." *Id.* at *5. Specifically, MLPFS placed "support bids" for the entire notional value of the ARS plaintiffs ultimately purchased. *Id.* Plaintiffs alleged MLPFS's support bidding – the extent of which, they asserted, was not disclosed to investors, "affected the clearing rate of the auctions" and MLPFS's ARS market activities "created a false appearance of liquidity and thereby artificially inflated prices paid for ARS." *Id.* at *17-19. Plaintiffs further alleged "the Rating Agencies [there, Moody's Investors Service, Inc. ("Moody's") and The McGraw-Hill Companies, Inc. ("McGraw-Hill"), the parent of Standard & Poor's ("S&P")] issued credit ratings that should have been downgraded following their issuance because of the deteriorating financial condition of Ambac Insurance

---

[2] "The highest bid accepted sets the interest rate for the ARS issuance as a whole -- the 'clearing rate.' Holders may sell ARS at these auctions, but auctions with insufficient buy bids result in auction failure; then, prospective sellers are unable to sell ARS." *Id.* The ARS at issue in *Anschutz* had a "put" feature allowing the ARS "to be converted to preferred shares in Ambac Assurance Corp., the issuer, at its option." *Id.* at *4.

Corporation, the issuer of the ARS purchased." *Id.* Additionally, plaintiffs asserted the ARS "should have never been rated in the first place and that the Rating Agencies failed to account for MLPFS's bidding practices, thereby disguising liquidity problems." *Id.* at *33-34. Plaintiffs asserted claims of negligent misrepresentation against Moody's and McGraw-Hill/S&P (in addition to federal securities fraud and other claims against the Merrill Lynch defendants).[3]

Despite treating the credit ratings as "statements of opinion," the court noted opinions are actionable under New York or California law "where the opinion holder knew the opinion was false or did not hold the opinion expressed at the time it was expressed." *Id.* at *35, *37.[4] With respect to the ARS at issue, however, there was "no factual allegation that indicate[d] the ratings . . . were incorrect at the time offered." *Id.* at *37 (citation and internal quotation marks omitted). Rather, the court observed, "the complaint suggest[ed] that the ratings were improvident," as it alleged "that, as

---

[3] Plaintiffs initially brought suit in the Northern District of California, naming Fitch, Inc. and Fitch Ratings, Ltd. as defendants in addition to Moody's and McGraw-Hill/S&P (as well as the Merrill defendants and Deutsche Bank Securities Inc.) However, the Judicial Panel on Multidistrict Litigation transferred certain claims to the Southern District of New York. The opinion in *Anschutz* addresses only Moody's, McGraw-Hill/S&P and the Merrill defendants.

[4] As the Rating Agencies note, the court stated, in *dicta*, that New York's Martin Act would preempt the negligent misrepresentation claims. *Id.* at *35 n.6. However, the court provided little analysis and only cursorily mentioned Judge Marrero's contrary opinion in *Anwar v. Fairfield Greenwich Ltd.*, 728 F. Supp. 2d 354 (S.D.N.Y. 2010), which discusses in detail: (1) the split of authority in the Southern District of New York as to Martin Act preemption; (2) the New York Attorney General's position "against total preemption" in two recent cases before the New York Appellate Division, First Department; (3) New York appellate courts' rejection of the Martin Act preemption argument; and (4) "the history and policy objectives of the Martin Act," which "speak against a preemptive reading." 728 F. Supp. 2d at 357-58. The Ohio Funds previously submitted Judge Marrero's opinion in *Anwar* to this Court (*see* Dkt. No. 53).

conditions deteriorated, the Rating Agencies did not properly downgrade ratings after they were issued or that the ratings should have been issued based on different criteria." *Id.* at *38-39.[5] The court found plaintiffs' allegations constituted "simply a disagreement, informed by hindsight, with the opinions stated" and plaintiffs' claims therefore were inactionable. *Id.* at *39.

In contrast to the allegations in *Anschutz* – and the Rating Agencies' mischaracterization of the claims in this case – the Ohio Funds do not plead negligence by hindsight. Rather, they allege the Rating Agencies' ratings on the subject of asset-backed securities ("ABS") were false or misleading ***at the time they were issued***. Moreover, the Rating Agencies' alleged liability arises from their misconduct in participating in those ABS transactions and misrepresenting their role in the transactions (including their mismanagement of conflicts of interest inherent in the issuer-pays model). Among other things, unlike the allegations in *Anschutz* relating to ARS – which are structurally distinct from the ABS at issue here – the Ohio Funds allege in detail the Rating Agencies' intimate participation in structuring (as well as rating) the ABS issuances. *See* Complaint (Dkt. No. 2) ¶¶ 76-81; *e.g.*, ¶ 81 ("In the structured finance area, the rating is less an outcome of the work performed than it is the result of the issuer and the Rating Agencies working together to achieve the targeted rating. In this process, the Rating Agencies provided issuers with guided feedback on structure and configuration to make sure that the desired ratings were obtained.").

---

[5] The court further disagreed to the extent the complaint suggested the ratings were incorrect when offered "because the ARS should not have been rated at all (due to the put option that was included)." *Id.* at *38 n.8 (citing complaint). The court stated the ratings assigned to the ARS "expressly disclosed that they reflected the rating that would be assigned to the preferred shares for which the ARS could be exchanged by way of the put option." *Id.*

In light of the foregoing, the Rating Agencies' reliance on *Anschutz* is misplaced. As with the other authorities the Rating Agencies urge the Court to consider, *Anschutz* does not support dismissal of the Ohio Funds' claims.

Dated:  February 23, 2011

Respectfully submitted,

MIKE DEWINE (0009181)
OHIO ATTORNEY GENERAL


/s/ John P. Gilligan_____
SCHOTTENSTEIN, ZOX & DUNN CO., L.P.A.
John P. Gilligan (0024542)
250 West Street
Columbus, Ohio 43215
Telephone:  (614) 462-2700
Facsimile:  (614) 462-5135
Email:     jgilligan@szd.com

*Trial Attorney for Plaintiffs
Ohio Police & Fire Pension Fund,
Ohio Public Employees Retirement
System, State Teachers Retirement
System of Ohio, School Employees
Retirement System of Ohio, and Ohio
Public Employees Deferred
Compensation Program*

Of Counsel:

John C. McDonald (0012190)
Matthew L. Fornshell (0062101)
Kevin L. Murch (0066833)
Katherine G. Manghillis (0077307)
SCHOTTENSTEIN ZOX & DUNN CO., LPA
250 West Street
Columbus, Ohio  43215
Telephone:  (614) 462-1087
Facsimile:  (614) 228-4846
Email: jmcdonald@szd.com
       mfornshell@szd.com
       kmanghillis@szd.com

912317.1  {H2162894.1 }                5

ENTWISTLE & CAPPUCCI LLP
Andrew J. Entwistle (admitted *pro hac vice*)
Richard W. Gonnello (admitted *pro hac vice*)
Francis P. McConville (admitted *pro hac vice*)
280 Park Avenue, 26th Floor West
New York, New York 10017
Telephone:  (212) 894-7200
Facsimile:  (212) 894-7272
Email: aentwistle@entwistle-law.com
       jwhitman@entwistle-law.com
       rgonnello@entwistle-law.com
       fmcconville@entwistle-law.com


LIEFF, CABRASER, HEIMANN &
       BERNSTEIN, LLP
Steven E. Fineman (admitted *pro hac vice*)
Daniel P. Chiplock (admitted *pro hac vice*)
Michael Miarmi (admitted *pro hac vice*)
250 Hudson Street, 8th Floor
New York, New York 10013
Telephone:  (212) 355-9500
Facsimile:  (212) 355-9592
Email: sfineman@lchb.com
       dchiplock@lchb.com
       mmiarmi@lchb.com

Richard M. Heimann (admitted *pro hac vice*)
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008
Email: rheimann@lchb.com


*Special Counsel for Plaintiffs Ohio Police &
Fire Pension Fund, Ohio Public Employees
Retirement System, State Teachers
Retirement System of Ohio, School
Employees Retirement System of Ohio, and
Ohio Public Employees Deferred
Compensation Program*

## **CERTIFICATE OF SERVICE**

I certify that on this 23rd day of February, 2011, the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ John P. Gilligan
*Attorney for Plaintiffs*
